(75 South. 912)

### TAYLOR v. TAYLOR.　(8 Div. 7.)

(Supreme Court of Alabama.　May 17, 1917.)

1. PRINCIPAL AND SURETY ☞126(6) — DISCHARGE OF SURETY—FAILURE TO SUE PRINCIPAL.

Under Code 1907, § 5396, providing that a surety upon any contract for the payment of money, etc., shall be released if suit is not brought thereon against the principal after notice given by the surety, failure to sue the maker of a note after notice by the surety so to do did not release the surety where the creditor had sued the surety before the notice was given.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 350, 350½.]

2. PRINCIPAL AND SURETY ☞156—FRAUD—PLEA—SUFFICIENCY.

In an action against a surety on a note, the plea by the surety that when he signed the note there was an agreement among the parties that the maker would move on the surety's farm and make a crop, "but for the fraudulent acts of plaintiff" he did. not do so, was patently faulty, and, treating it as an effort to invoke fraud, was subject to those grounds of demurrer pointing out that it did not charge the plaintiff with fraudulent conduct or acts inducing or compelling the maker to fail to make the crop in question.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 423–426.]

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Assumpsit by R. G. Taylor against J. C. Taylor. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The following are the pleas referred to:

(3) Now comes defendant, and for further answer to complaint says that he is not a co-maker on the note sued on, but merely a surety, and that on March 16, 1916, he gave notice in writing to plaintiff to sue Marion Taylor, the principal obligor on said note, returnable to the next term of the circuit court of Colbert county, or in any court having jurisdiction of said suit, before proceeding against him, and which he has failed to do, wherefore he pleads his discharge from all liability on said note.

(8) That the note sued on was executed by one Marion Taylor to R. G. Taylor, and that defendant signed it as surety only, and defendant avers that at the time he signed it as surety, that it was expressly agreed by and between R. G. Taylor, plaintiff, Marion Taylor, principal obligor, and defendant, that Marion Taylor would move on defendant's farm and make a crop for the year 1916, but for the fraudulent acts of plaintiff, Marion Taylor did not move on defendant's farm and make a crop in 1916, and hence defendant pleads his release.

William Stell, of Russellville, for appellant. Jackson & Deloney, of Tuscumbia, for appellee.

McCLELLAN, J. The appellee, R. G. Taylor, instituted this action against the appellant, J. C. Taylor. The bases of his claim, stated in different counts, were: (a) A promissory note, executed by defendant and one M. J. Taylor, who is not sued, to the plaintiff; and (b) a loan of a small sum by the plaintiff to the defendant, M. J. Taylor, not being averred to be a party to the contract

of loan. The suit was commenced against this defendant (appellant) alone on January 28, 1916. Among other pleas the defendant interposed those numbered 3, 7, and 8. It appears from the judgment entry that demurrers were sustained to two of these pleas, viz. 3 and 8; but no ruling of the court is shown by the judgment entry to have been made on the demurrer to plea 7. Hence the second assignment of error, which complains of the sustaining of demurrer to plea 7, presents nothing for review, it not appearing that the court took any action on the demurrer to plea 7.

The report of the appeal will reproduce pleas 3 and 8. We note in passing that these pleas were interposed to the whole complaint; and from their faces it appears that they should have been addressed alone to the feature of the complaint declaring on the note, not to the feature declaring on the loan contract, to which the plaintiff and defendant were alleged to be the sole parties.

[1] Plea 3 sought the discharge of the defendant, averred to be a surety only, from liability under what he conceived to be the effect of the provisions of Code, § 5396. This statute reads:

"A surety upon any contract for the payment of money, or for the payment or delivery of personal property, may require the creditor, or any one having the beneficial interest in the contract by notice in writing to bring suit thereon against the principal debtor, or against any cosurety to such contract; and if suit is not brought thereon, pursuant to such notice, to the first court to which suit can be brought after the receipt of such notice, and prosecuted with diligence according to the ordinary course of law, the surety giving such notice is discharged from all liability as surety, or his aliquot proportion of the debt, as the case may be; and one surety may give the notice in behalf of his cosureties."

The court sustained the demurrer to plea 3 on the theory that the provisions of the statute (section 5396) were inapplicable, were unavailable in a case where the creditor had already sued the surety, though alone, before the notice to sue the principal debtor was given by the surety to the creditor; the plea showing on its face that the notice, by the surety to the creditor, was given on a date approximately 45 days after the creditor had commenced his suit against the surety. A reading of the statute, its very terms forbid any other interpretation than that the trial court gave the statute. The case of Scott v. Bradford, 5 Port. (Ala.) 443, neither suggests nor holds anything to the contrary. There was no error in sustaining the demurrer to plea 3.

[2] Plea 8 was patently faulty. It is difficult to divine its real purpose or to assign it to any particular category in pleading. The brief for appellant treats it as an effort to invoke fraud in bar of the recovery sought on the note. If that was the pith and pur-

pose of the plea, it was subject to those grounds of the demurrer (the grounds were very meager) pointing the objection that it did not charge the plaintiff with fraudulent conduct or acts inducing or compelling Marion Taylor to decline or fail to move to and make a crop in 1915 on defendant's farm. Pleading, on consideration of demurrer, must be construed most strongly against the pleader; and, if it were possible to accord some definite effect to the plea's phrase, "but for the fraudulent acts of the plaintiff," still the application of the rule stated would deny the appellant the benefit of a favorable interpretation of his equivocal (to put it mildly) vital averment in this regard.

There is no merit in the only two assignments reviewable on this appeal. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.